### PARKINS *ET AL.* v. PARKINS *ET AL.*

#### (122 S. E., 492)

TRUSTS—TRUSTEE EMPOWERED TO SELL SUBSTITUTED PROPERTY.—Under a will giving each trustee of separate trust for the benefit of testator's daughters, power, with beneficiary's consent, to make any and all instruments, sales, exchanges, and reinvestments as may be found expedient or necessary, a trustee may sell in fee after-acquired or substituted property; his power not being exhausted by first sale and reinvestment of the proceeds.

Before C. M. EFIRD, Special Judge, Greenville, February, 1923. Affirmed.

Action by Charles Allen Parkins and others against Paul C. Parkins and others. From a judgment rendered plaintiff and certain defendants appeal.

*Messrs. Martin & Blythe,* for appellants, cite: *Possession essential to remove cloud:* 76 S. C., 517. *Provisions of the instrument make the law of the trust:* 26 R. C. L., Trusts, Sec. 140, p. 1289; Sec. 134, p. 128; 38 S. C., 453; 58 S. C., 390. *Perry on Trusts:* Sec. 475, 490. *"Sales" does not include "Resales":* 99 S. C., 115. *"Necessary implication":* Note 32 L. R. A. (N. S.), 677. *Power of resale:* 3 S. C., 79; 57 S. W., 225; 33 N. Y., Sup. 5; 13 S. W., 241; 31 A. S. R., 328. *Power must be derived from the language of the will:* 115 S. C., 163; 17 A. & E. Enc. Law 2nd Ed., 58 S. C., 391. *Statute of Limitations:* 26 S. C., 186; 59 S. C., 507; 50 S. C., 127; 85 S. C., 379; 82 S. C., 540; 25 S. C., Eq., 60; 2 N. & McC., 346; 13 S. C. L., 291; 67 S. C., 432; 38 S. C., 267; 26 S. C., 160; 26 S. C., 283; 30 S. C., 612; 39 Cyc., 376; 25 S. C., 519; 22 S. C., 324; 82 S. C., 534; 42 Am. Dec., 444; 63 S. C., 78; 115 S. C., 186; 113 S. E., 686; 54 S. C., 395. *"Res adjudicata":* 34 Cyc., 1666; 28 Cyc., 1237; 17 S. C., 35;

Note: On implied power of executor or trustee to sell real property, see note in 32 L. R. A. (N. S.), 676.

464 PARKINS *et al. v.* PARKINS *et al.*

26 S. C., 177; 19 S. C., 399; 23 Cyc., 1216, 1297; Note 86; 215 U. S., 252; 118 S. C., 470. *Acquisition of trust property with notice:* 26 R. C. L., Sec. 84; 17 S. C. Eq., 308; 39 Cyc.. 548; 35 S. C., 422; 43 S. C., 233; 53 S. C., 95; 25 S. C. Eq., 270; 29 S. C., 278; 52 S. E., 610; 53 Am. St. Rep., 65; 106 S. C., 391; 105 S. C., 340; 116 S. C., 15; 117 S. E., 817; 14 S. C. Eq., 132. *Legal estate in fee is in the trustee:* 119 S. E., 186.

*Mr. L. K. Clyde,* for certain respondents, cites: *Right of action:* 29 S. C., 49. *Res adjudicata:* 26 S. C., 588; 21 S. C., 153; 108 S. C., 11; 31 S. C., 380; 25 S. C., 412; 27 S. C., 304; 59 S. C., 382. *Construction of will:* 78 S. C., 346; 95 S. C., 87; 78 S. C., 150; 54 S. C., 424; 50 S. C., 127; 40 S. C., 168; 85 S. C., 373. *As to adults and minors:* 26 S. C., 337; 26 S. C., 226; 27 S. C., 300; 37 S. C., 253; 56 S. C., 96; 76 S. C., 295; 112 S. C., 2. *Destruction of trust:* 29 S. C., 247. *Title and interests:* 85 S. C., 376; 78 S. C., 153; 104 S. C., 213; 105 S. C. *Merger:* 16 S. C., 330; 28 S. C., 498. *Judgments and decrees:* 29 S. C., 244; 19 S. C., 558; 47 S. C., 554.

*Messrs. H. K. Townes* and *Dean, Cothran & Wyche,* for certain other respondents, cite: '*An instrument should be construed according to the intention:* 118 S. C., 510; 134 Am. St. Rep., 537; 39 Cyc., 348; 95 S. C., 87; 19 S. C., 352; 78 S. C., 339. *Powers of trustee:* Washburn Real Prop., Vol. II, 703; 31 Cyc., 1056, 1083; 12 Rich, Eq., 349; 21 R. C. L., 778, 792; Tiffany Real Prop., Vol. I, 1088; 3 S. C., 77; 97 Am. St. Rep., 854. *Statute of Limitations and execution of use:* 2 Wash. on Real Prop., 1351, 1356; 28 Enc. L., 929, 930; 78 S. C., 143; 121 S. C., 256; 82 S. C., 534; 85 S. C., 373; 115 S. C., 186.

April 23, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellants state their case as follows:

"This is an action to recover real estate. Claimants also sought the remedy of partition, but this prayer, for the purposes of this hearing, may be ignored or treated as withdrawn. There was also a prayer for removal of cloud from title, but, as claimants were not in possession, an action to remove cloud could not be maintained, and was abandoned. There is thus before the Court only the action to recover real estate, an action at law; there are no issues of fact involved, and the case turns upon two clear-cut questions of law.

"Plaintiffs, and the three first named defendants, Paul C. Parkins, John H. Parkins, and Mrs. Hettie Parkins Bernhardt, were the claimants of the land; said defendants joining with plaintiffs in their action. Charles died after action was brought, and his wife and only child were substituted.

"Main Facts and Dates.—In 1864 Thos. J. Sullivan of Laurens County made his will, disposing of much land and a large number of slaves among his wife and eight children, three sons and five daughters, and the case turns upon the construction of paragraphs 4 and 9 of this will. Paragraph 4 is as follows:

" 'I give and devise to P. D. Cureton the one-third of my Greenville tract of land known as the Cureton place, said tract in the whole containing eight hundred and sixty acres, more or less, which I value at the sum of six thousand dollars the whole tract, also the following nine slaves with the future increase of the females, to wit: Jack and Bettie his wife and their three children (Dennie, Rosena and George). Phillie and her three children, Tyker, Louise and the Baby, in trust for the sole and separate use of my daughter Mary Henrietta Sullivan during her life and at her death to be divided as follows, one-third thereof to such husband as she may leave surviving her and the other two-thirds equally amongst such children as she may leave

surviving her including the child or children's share of any deceased child who will take the share the deceased parent would be entitled to if living, but should she die leaving no child or children then the aforesaid two-thirds of said slaves and their future increase and the two-thirds of the aforesaid one-third tract of land (viz. the one-third of the Cureton place) are to revert back to my estate and be distributed by my executors as the estate included in the residuary clause of this my will is directed to be, and furthermore should my said daughter leave no husband surviving her the aforesaid one-third of said slave and their increase and the one-third of the one-third tract of land allotted him is to be disposed of as the other two-thirds are directed to be, to wit: First to her children and grandchildren as before specified, but if there should be none such then to pass under the residuary clause as aforesaid.'

"By paragraphs 5 and 6 testator devises one-third interest in this 860 acres to each of two other trustees for two other daughters, Frances and Jane Adelaide, under similar trusts; by paragraphs 7 and 8 he gave slaves in trust to two other children, Sallie C. and Claudia, and in paragraph 9 he provides:

" 'I also give and bequeath the sum of two thousand dollars to each of the respective trustees before named of my daughters, Sallie C. Sullivan and Claudia Sullivan in cash upon the same terms, trust and limitations as their other aforesaid legacies and in regard to making instruments selling or exchanging any or all of the property and money before given or settled upon my daughters by this will I give the respective trustees of my said daughters full power to make any and all instruments, sales exchanges and reinvestments as may be found expedient or necessary for their comfort and interest without applying to any Court for an order to do so, but such power must be exercised only by and with the consent of the *cestui que* trust.'

"In 1866 Sullivan died, and in the same year Mary Henrietta married Charles A. Parkins, and moved to his home near Greenville.

"The original claimants in this action were their children. The land that they claim is a 230-acre tract near Greenville, which was acquired in 1870 by the trustee under Sullivan's will with the proceeds of sale by P. D. Cureton, trustee of the property that Sullivan devised to him for Mary Henrietta and her children, etc.

"In 1885 there was an action by P. D. Cureton against Mary Henrietta Parkins, her husband, and her six children, who were minors from three to fifteen years of age, to substitute Charles A. Parkins, Sr., as trustee; an order of Court was taken to that effect October 14, 1885, and immediately Charles A. Parkins, who was shown to be in financial straits, conveyed the entire tract of 230 acres to J. E. Earle, deed being dated December 17, 1885. This land passed down from Earle to the defendants, being now held in seven small tracts. The Parkins children never realized anything from the sale of the land, the proceeds being entirely consumed by the trustee, so that the trust for the minors was wrecked, and the intention of the grandfather to make provision for them was entirely defeated. The order of Court in 1885 substituting Parkins as trustee in the place of Cureton was assailed by the Parkins children in a motion below in the old action, which was heard along with this action, but this proceeding must not be confused with the action now before the Court; they failed to set aside the order of the Court, and their father must be taken as the duly appointed trustee, with all the powers as such that Cureton had under the Sullivan will.

"In 1903 John H. Parkins, the youngest child, became twenty-one years of age.

"In 1916 Mary Henrietta Parkins died, her husband having died in 1910, and this action was brought in 1920. It was tried by the Master as referee and the Court with-

out a jury. Did Parkins as trustee have the power of re-
sale under the Sullivan will? Is this action barred by the
statute of limitations? These are the questions in the
case.

"(1) First main point. Trustee had no power under
Sullivan's will to sell after-acquired or substituted prop-
erty, but his power was exhausted by sales of the property
given by the will and reinvestment of the proceeds."

Appellant's main point cannot be sustained. In *Creighton
v. Pringle,* 3 S. C., at page 95, we find:

"There is nothing in the deed to show that the power
to the husband and wife, or the survivor, to direct a sale
or exchange of the property conveyed, was exhausted by
a single exercise of it, and that the same authority which
they had in that regard as to the land and negroes specifically
conveyed, did not extend to the proceeds of their sale, or
the securities in which such proceeds might be invested."

The resale was sustained. In this case the power was
given "to make any and all instruments, sales, exchanges
and reinvestments as may be found expedient or necessary
for the comfort and interest without applying to any Court
for an order to do so, but such power must be exercised
only by and with the consent of the *cestui que* trust." There
is nothing in this will to suggest that a sale in parcels was
contemplated. Under this will there might be more than
one, indeed an indefinite number of sales, exchanges, and
reinvestments. There is absolutely no restriction on the
number of sales and reinvestments. The only restraint
on the power of sale was the "consent of the *cestui que*
trust." The will provided that no application to a Court
should be necessary. If the power of sale did not follow a
reinvestment, then an application to the Court would have
been necessary. It is very manifest from the will, taken
as a whole, that it was the purpose of the testator to come
as near giving to his daughter a fee simple as he could,
but made a trust to act as some restraint (an additional

judgment) on the power of sale. Too much of this will must be ignored to warrant the construction that the power of sale was exhausted by one sale.

II. The second question is, are the Parkins children barred by the statute of limitations?

The second question becomes academic, when it is held that the second sale conveyed the fee.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE MARION concur.

MR. JUSTICE WATTS did not participate.

MR. JUSTICE COTHRAN disqualified.